Frederick J. BARRY et ux., Petitioners,
Appellants,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent, Appellee.

No. 7737.

United States Court of Appeals,
First Circuit.

Dec. 24, 1970.

Frederick J. Barry, pro se.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Taxpayer is a consulting engineer who travels a great deal, but sleeps at home. He seeks to deduct the cost of his meals on the road under Int.Rev.Code of 1954 § 162(a) (2), even though his work day is extraordinarily like that of the taxpayer who unsuccessfully made the same claim in Commissioner of Internal Revenue v. Bagley, 1 Cir., 1967, 374 F.2d 204, cert. denied 389 U.S. 1046, 88 S.Ct. 761, 19 L.Ed.2d 838. He would distinguish that case, first, on the ground that he traveled more miles than Bagley, and consequently spent more hours away, and secondly, on the theory that for this reason he was obliged to "sleep or rest." The Commissioner disallowed the deduction and the Tax Court agreed. Barry v. Commissioner, 1970, 54 T.C. No. 115. Taxpayer petitions for review.

Taxpayer's distinctions are without substance. The Commissioner's rule, known as the overnight rule, and approved in United States v. Correll, 1967, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed. 2d 537, is particularly aimed at formulating an objective test which will obviate individual analysis of countless factual variations. The tax involved is too small to warrant case by case haggling over minor differences. Correll, 389 U.S. at 302–304, 88 S.Ct. 445; Bagley, 374 F.2d at 207. Nor does taxpayer qualify as one obliged to sleep or rest simply because the length of his trip tired him, and he stopped by the side of the road for a brief nap. The Court in Correll noted, in support of the Commissioner's rule, that "[o]rdinarily, at least, only the taxpayer who finds it necessary to stop for sleep or rest incurs significantly higher living expenses as a direct result of his business travel." 389 U.S. at 304, 88 S.Ct. at 448. The rule requires a stop of sufficient duration that it would normally be related to a significant increase in expenses. Even assuming that there might be instances in which this could be less than overnight, a matter on which we intimate no view, clearly taxpayer did not meet this requirement by catnapping in his automobile.

Finally, taxpayer's argument that his meals, viewed as a single item of expense, cost more on the road than if he had been able to eat at home is one that could be made by any taxpayer, even commuters who purchase only a noon meal. It is meritless.

This case clearly calls for disposition under Local Rule 6 without oral argument. The decision of the Tax Court is affirmed.