T.C. Memo. 2001-121


UNITED STATES TAX COURT


ERIN MULLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16722-99.                          Filed May 23, 2001.



Erin Mullin, pro se.

<u>G. Michelle Ferreira</u>, for respondent.


MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $1,436 in petitioner's 1996 Federal income tax.
The issues for decision are whether petitioner is entitled to
trade or business expense deductions for:  (1) Home office
expenses, and (2) interest paid on student loans.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in San Francisco, California.

Petitioner holds undergraduate and graduate degrees in clinical psychology. She received her bachelor's degree from Barnard College in 1987. She received her master's degree and Ph.D. from the University of Michigan in 1990 and 1993, respectively.

From 1983 through 1993, she amassed over $40,000 in student loans. Approximately $15,000 of her student loans relate to the educational expenses incurred for her bachelor's and master's degrees. The balance of the loans relate primarily to expenses she incurred for personal therapy that she was required to take as a Ph.D. candidate. As of November 3, 1997, the outstanding balance on her student loans was $41,700.69. During 1996, she paid $3,709.33 of interest on these loans.

During 1996, petitioner was employed as a development specialist by Bay Area Addiction and Treatment, Inc. in San Francisco, California (the clinic). Typically, she worked at the clinic from Monday through Friday from 7:00 a.m. until 3:00 p.m. The income she earned from the clinic is reported as wages on her 1996 Federal income tax return, and the expenses she incurred as an employee of the clinic are deducted as miscellaneous expenses

on a Schedule A, Itemized Deductions, included with that return.

In addition to her employment with the clinic, during 1996 petitioner also offered services as a clinical psychologist through her private practice. She met with her private-practice patients two afternoons per week at an office that she rented for that purpose in a commercial/medical building. The income and expenses (including the office rental expense) attributable to her private practice are reported on a Schedule C, Profit or Loss from Business, included with her 1996 return.

During 1996, petitioner lived in a small (approximately 400 square feet) rented apartment in San Francisco (the apartment). The only entry to the apartment is through a door that leads to a short entryway. There is a closet on the left of the entryway and a bathroom on the right of the entryway. The entryway opens into an open area (approximately 13 feet by 15 feet) that is furnished with at least a desk and a couch. To the right of this open area is a dining area and a kitchen (each approximately 7 feet by 8 feet). Getting to the kitchen from the bathroom, and vice versa, requires going through the dining area, the open area adjacent to the entryway, and the entryway.

Petitioner used the telephone in her apartment to schedule appointments with, or otherwise speak to her private-practice patients and professional colleagues. She also maintained and

stored her business records and professional reading materials there. She did not meet with any of her patients at the apartment.

Petitioner's 1996 Federal income tax return was timely filed. Various deductions claimed on her return were disallowed by respondent in the notice of deficiency, but the parties are now in agreement with respect to those adjustments.

## Discussion

Petitioner now claims that she is entitled to deductions for one-quarter of the rent and utilities paid for the apartment (the home office expenses) because she used the apartment for business purposes in her private practice. She also now claims that she is entitled to a deduction for the interest paid during 1996 that relates to the portion of her student loan attributable to obtaining her Ph.D.[1] because that interest was paid in connection with educational expenses that were deductible as trade or business expenses.

### 1. Deduction for Home Office Expenses

During 1996, petitioner spoke over the telephone with patients and professional colleagues from her apartment, she scheduled appointments from her apartment, she maintained and stored business records there, and she read professional

---

[1] Petitioner estimates that 63 percent of the student loans were made to obtain her Ph.D.

materials there.  She did not, however, meet with any of her patients at the apartment.  She rented separate office space in a commercial/medical building for that purpose.

Section 162 generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.[2]  Section 280A(a), however, provides that deductions otherwise allowable to an individual are generally not allowed with respect to the use of a dwelling unit used by the individual as a residence during the taxable year.  Petitioner's apartment, a "dwelling unit" for purposes of section 280A, was used as her residence during 1996.  Sec. 280A(d), (f)(1).

Exceptions to the general rule set forth in section 280A(a) nevertheless permit a deduction if a portion of the residence is "exclusively used on a regular basis" as either "the principal place of business for any trade or business of the taxpayer," or "as a place of business which is used by patients * * * in meeting or dealing with the taxpayer in the normal course of his trade or business".  Sec. 280A(c)(1)(A) and (B).  Given the size and layout of petitioner's apartment, we fail to see how any portion of it could have been used "exclusively" for business

---

[2] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 1996, and Rule references are to the Tax Court Rules of Practice and Procedure.

purposes.  See <u>Cook v. Commissioner</u>, T.C. Memo. 1997-378.  The area of the apartment used for business purposes was also the main passageway through the apartment.  Furthermore, we have serious doubts whether petitioner's apartment qualifies as the principal place of her private practice.  See <u>Commissioner v. Soliman</u>, 506 U.S. 168 (1993); <u>Strohmaier v. Commissioner</u>, 113 T.C. 106, 112-113 (1999).  Nor did petitioner use the apartment to meet with her private-practice patients.  Consequently, petitioner is not entitled to a deduction for the home office expenses.

2. <u>Deduction for Interest on Student Loans</u>

During 1996, petitioner paid interest on student loans made in connection with pursuing and obtaining her undergraduate and graduate degrees.  She now claims that she is entitled to a deduction for a portion of that interest.

In general, there is "allowed as a deduction all interest paid or accrued within the taxable year on indebtedness."  Sec. 163(a).  Nevertheless, an individual is not entitled to a deduction for personal interest.  See sec. 163(h).  Certain interest, including "interest paid or accrued on indebtedness properly allocable to a trade or business (other than a trade or business of performing services as an employee)" is not personal

interest. Sec. 163(h)(2)(A).[3] The deductibility as a business expense of interest on a loan obtained for educational expenses depends, at least in part, upon whether the educational expenses themselves are deductible business expenses. See <u>Holmes v. Commissioner</u>, T.C. Memo. 1993-387.

Petitioner has not established that any expenses she incurred to obtain her Ph.D., which are, at least in part, the expenses to which the student loan interest relates, were deductible education expenses. See sec. 1.162-5, Income Tax Regs. Consequently, she is not entitled to deduct as a trade or business expense any portion of the interest paid in 1996 on her outstanding student loans. See <u>Holmes v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing and to take into account the Stipulation of Settled Issues,

<u>Decision will be entered under Rule 155</u>.

---

[3] Sec. 221 allowing a deduction for interest paid on educational loans was not in effect during the year in issue. That section was added by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 202(a), 111 Stat. 806, effective for interest payments due and paid on any qualified education loan after December 31, 1997. In addition, sec. 163(h)(2)(F) was added later to clarify the fact that interest allowable as a deduction under sec. 221 is not considered personal interest. See the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. 105-277, sec. 4003(a)(1), 112 Stat. 2681-908, effective as if included in the 1997 Act.