T.C. Summary Opinion 2010-74

UNITED STATES TAX COURT


ZDZISLAW F. BEDNARSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25853-08S.          Filed June 16, 2010.


Zdzislaw F. Bednarski, pro se.

<u>Melanie E. Senick</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency in petitioner's Federal income tax of $1,778 and an accuracy-related penalty of $355.60 and for 2006 a deficiency of $5,361 and an accuracy-related penalty of $1,072.20.

Petitioner concedes that he is not entitled to a dependency exemption for Z.R.B. for 2006. The issues remaining for decision[1] are whether for 2005 and 2006 petitioner is entitled to deductions on Schedule C, Profit or Loss From Business, in excess of those respondent allowed and whether petitioner is liable for accuracy-related penalties under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in the State of Washington when the petition was filed.

Petitioner was a real estate agent during the years at issue. Petitioner deducted on his Schedules C for both years car and truck expenses, advertising expenses, and other expenses. After examining petitioner's Federal income tax returns, respondent disallowed a portion of his advertising and other

---

[1]Adjustments to petitioner's self-employment tax deductions and self-employment taxes are computational and will be resolved consistent with the Court's decision.

expenses for both years. Respondent disallowed almost all of petitioner's deductions for car and truck expenses for 2005 and 2006.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

### Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262.

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless precluded by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th

Cir. 1958), affg. 27 T.C. 413 (1956); <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner offered no evidence with respect to respondent's adjustments to his deductions for advertising and other expenses. The Court sustains respondent's determination as to those two items for both years.

Certain business deductions described in section 274 are subject to rules of substantiation that supersede the doctrine in <u>Cohan v. Commissioner</u>, <u>supra</u>. See sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4),[2] unless the taxpayer substantiates certain elements.

---

[2]"Listed property" includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use applying the appropriate measure (mileage may be used in the case of automobiles); (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) in the case of entertainment, the business relationship to the taxpayer of each expenditure or use. See sec. 274(d).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In May 2008 petitioner reported to police that his automobile had been broken into. Petitioner advised the police that a jacket and a "briefcase full of documents" were stolen from the car. Petitioner testified that his briefcase contained

his mileage log, which he had not yet submitted to the examiner. Petitioner, however, attempted to recreate his mileage records.

Petitioner prepared for 2005 a handwritten numbered list (list) of 14 addresses and 13 names. Most of the addresses have beside them two factors that are multiplied to give a product while all of the names have beside them but a single number. Thirteen of the 14 addresses on the list are shown on a ledger accompanying the list. The ledger contains, among other items, the income earned from each sale of property at the addresses on the list (the total sales comport with the amount reported as gross receipts on Schedule C). Petitioner, to complete his reconstruction, attached copies of Web pages from Internet mapping sites that show the mileage from his home to most of the places on the list. Similar documentation was provided for 2006.

Comparing the mileage from the Internet maps with the factors on the list reveals that one of the two factors is mileage. The other factor, where there is one, is apparently the number of trips petitioner alleges that he made from his house to each of the properties. There is no explanation as to how petitioner arrived at multipliers representing the number of trips alleged. There is no explanation of how he computed the apparent mileage numbers for the items that lack a multiplier and multiplicand. These flaws (and his failure to give the time of use) preclude petitioner's documentation from reaching the "high

degree of probative value to elevate" his statements to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.  But that is not the only problem petitioner faces.

Generally, expenses that a taxpayer incurs in commuting between his home and place of business are personal and nondeductible.  See Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  Expenses incurred, however, in going between two or more places of business may be deductible as ordinary and necessary business expenses under section 162 if incurred for business reasons.  See Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. T.C. Memo. 1962-233; Heuer v. Commissioner, supra at 953.

Where a taxpayer attempts to deduct the expenses of traveling between two places of business, one of which is an office in his home, such office must be the taxpayer's principal place of business for the trade or business conducted by the taxpayer at those other work locations.  See Strohmaier v. Commissioner, 113 T.C. 106 (1999); Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980).  On his Schedules C for 2005 and 2006, line 30, "Expenses for business use of your home", petitioner listed $0.  Even if the Court accepted petitioner's

reconstruction of his mileage, he offered no evidence and made no argument that his home was his "principal place of business". See Commissioner v. Soliman, 506 U.S. 168, 175-177 (1993).

The Court concludes that petitioner is not entitled to transportation expenses in excess of those respondent already allowed.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that for both 2005 and 2006, petitioner underpaid a portion of his income taxes due to negligence or intentional disregard of rules and regulations. Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the portion of the underpayment attributable to negligence or disregard of rules or regulations.

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue

Code, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalties will apply unless petitioner has demonstrated that there was reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer."

Petitioner has not demonstrated that there was reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. Respondent's determinations of accuracy-related penalties under section 6662(a) for 2005 and 2006 are sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.