T.C. Summary Opinion 2012-22

UNITED STATES TAX COURT

ARNOLD J. WOLF AND FERN TABLIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23130-10S.                       Filed March 6, 2012.

Arnold J. Wolf and Fern Tablin, pro sese.

<u>Kimberly A. Kazda</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:   This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.   Pursuant

to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined a $3,962 deficiency in petitioner's 2007 income tax.  The sole issue presented for our consideration is whether Arnold J. Wolf (petitioner) is entitled to deduct any portion of the $11,320 he claimed for transportation expenses.

### Background

When their petition was filed, petitioners resided in California.  Beginning in 2001 and through 2007 petitioner was an attorney practicing with the Stockton, California, law partnership of Freeman, D'Aiuto, Pierce, Gurev, Keeling, & Wolf (Freeman).  During 2007 petitioner was a partner in the firm, and his residence was 62 miles from Freeman's office.

Petitioner began practicing law in 1971, and after moving to California he became a member of the California bar during 1985.  From 1986 through 1988 he was a sole practitioner with his practice in Davis, California, which was near his home.  In 1988 he joined a Sacramento, California, law firm, where he practiced through 1995.  During 1995 petitioner reestablished his practice as a sole practitioner in Davis until 2001 when he joined Freeman, which had its office

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2007, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

62 miles from his home. During 2003 petitioner became a partner in Freeman. Petitioner's arrangement with Freeman was to receive a $72,000 base salary along with a bonus and profit sharing based on the firm's overall performance. For the 2007 year petitioner received a $234,000 bonus in addition to his base salary. He had 1,882 billable hours during 2007. He also spent an additional 200 to 300 hours attempting to generate business for Freeman, and for 2007 his efforts generated $681,496 of business for the firm.

When he joined Freeman, petitioner brought all of his clients from his sole practice in Davis to Freeman in Stockton. From 2001 until sometime during 2003 petitioner maintained a rented law office in Davis, and during 2003 it was closed and he moved the office materials to his home. Petitioner's office in his home (home office) was used as a place to work on his cases, but he did not see clients there.

After joining Freeman, petitioner continued to develop clients in the Davis and Sacramento area. Although he traveled to the Freeman office four or five days per week initially, as time passed he began to spend more time in the Davis area. During 2007 petitioner would typically spend one-half of his worktime in Davis and the other one-half in Stockton. On the days that he went to Stockton, he would begin his workday in his Davis home office and leave for Stockton after the

rush hour (approximately 10 a.m.). Occasionally, he would stop off for a client meeting or at the library during his ride from Davis to Stockton or during the return trip back to Davis. He worked in his Davis home three or four nights per week for 1 to 3 hours and on the weekends for 5 to 10 hours. During 2007 petitioner spent approximately 60% of his worktime in his Davis home and the other 40% in Stockton.

Petitioner is a trial attorney, and the geographic range of his clients was from 120 miles north of Sacramento to areas south of Stockton, an area approximately 200 miles long. Freeman had no policy regarding reimbursement of mileage and/or expenses other than those attributable to a billable event. Petitioner maintained a log of his law-practice-related travel. The log contained daily mileage without any other specific information. Petitioner did not deduct the cost of maintaining an office in his home.

On a Schedule C attached to his 2007 Federal income tax return, petitioner deducted $14,801 of expenses. Of that amount, $11,320 was deducted for expenses of automobile travel from the Davis home to Stockton and various clients, libraries, and other work-related places. Respondent determined that the $11,320 was not deductible because petitioner did not establish that it was "paid or

incurred * * * and that the expense was ordinary and necessary to * * * [his] business". Petitioner reported 22,400 miles for business purposes.

Discussion

The sole issue for our consideration is whether petitioner is entitled to any portion of the $11,320 deduction claimed for transportation expenses in connection with the practice of law. Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Commuting and other personal expenses are not deductible, and expenses reimbursable by an employer are not deductible. Sec. 262(a); Lucas v. Commissioner, 79 T.C. 1, 7 (1982); sec. 1.262-1(b)(5), Income Tax Regs. Additionally, travel expenses are subject to a more rigorous standard of proof and must be corroborated by adequate records with specific information, including the amounts, times, places, and purposes of the business travel. Sec. 274(d); sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Respondent argues that petitioner has not shown that his home office was his principal place of business and/or that his mileage was for anything more than commuting. The main thrust of petitioner's argument is that legal preparation consumed most of his time and it was convenient for him to do that preparation at home, in the library, and at places other than Freeman's office.

We hold for respondent. Petitioner's mileage from his home to his office and back is for nothing more than commuting. See Fausner v. Commissioner, 413 U.S. 838 (1973). He did not claim deductions for the expenses of operating a home office or show that his home office was his principal place of business. Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999); Green v. Commissioner, 59 T.C. 456 (1972). Moreover, petitioner did not show that any of his travel was not reimbursable in connection with billable hours. His choice to do his trial preparation at home or in a library was for his convenience and not that of his employer. The fact that petitioner is employed as a lawyer does not make his travel between office and home any more deductible than for any other job.

To the extent that petitioner's travel expenses were connected with generating new clients or servicing existing clients, he has not shown that they are not reimbursable. More critically, petitioner's mileage log merely lists the mileage without providing the required specific information under section 274 and the regulations. In his testimony, petitioner stated that the mileage log does not contain the specific information and that the specifics were on his daily calendar, which he did not produce in court. Under those circumstances we have no choice but to sustain respondent's determination in full.

To reflect the foregoing,

Decision will be entered

for respondent.