T.C. Summary Opinion 2009-89


UNITED STATES TAX COURT


WILLIAM A. BROWN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12119-07S.           Filed June 4, 2009.


William A. Brown, pro se.

Carrie L. Kleinjan, for respondent.


CHIECHI, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,763 in petitioner's Federal income tax (tax) for his taxable year 2004.

The issues remaining for decision for petitioner's taxable year 2004 are:

(1) Is petitioner entitled to deduct certain claimed unreimbursed employee expenses in excess of the amount allowed by respondent?  We hold that he is not.

(2) Is petitioner entitled to deduct certain claimed expenses for tax return preparation?  We hold that he is not.

(3) Is petitioner entitled to deduct certain claimed attorney's fees that he paid in connection with his divorce?  We hold that he is not.

## Background

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in West Virginia.

From April 28, 2001, to June 25, 2006, Vanalt Electrical Construction, Inc. (Vanalt), which was located in Yeadon, Pennsylvania (Yeadon),[2] employed petitioner as an electrical lineman. During 2004, the year at issue, Vanalt was petitioner's sole employer.

---

[2]Yeadon is several miles from the Philadelphia International Airport.

During 2004, petitioner performed work for Vanalt at three different locations, all of which were in the Philadelphia, Pennsylvania (Philadelphia), metropolitan area. Vanalt did not reimburse petitioner for any expenses that he paid during 2004 for lodging, transportation, and meals. That was because the job sites at which petitioner worked for Vanalt during that year were in the Philadelphia metropolitan area where Vanalt was located.

During 2004, petitioner owned a house (petitioner's West Virginia house) in Burnsville, West Virginia, that he had purchased in 1985. During 2004, petitioner did not reside in that house. Instead, during that year petitioner's then spouse, from whom petitioner was estranged, resided in petitioner's West Virginia house.

Pursuant to a court order issued in connection with a divorce proceeding involving petitioner and his then spouse, during 2004 petitioner paid expenses totaling $1,703 with respect to petitioner's West Virginia house that consisted of (1) $838 for utilities and (2) $865 for certain telephone services.

During 2004, when he was not working for Vanalt in the Philadelphia metropolitan area, petitioner resided in his parents' home in an unidentified town or city in West Virginia (parents' West Virginia home). During that year, petitioner did not pay his parents any rent.

From December 4, 2002, through at least December 31, 2004, petitioner was a member of the Red Roof Inns' RediCard Rewards program (RediCard). As of December 31, 2003 and 2004, petitioner had earned 32,148 points and 98,671 points, respectively, on his RediCard account.

Petitioner electronically filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2004 (2004 return).[3] Petitioner included as part of that return Schedule A--Itemized Deductions (2004 Schedule A).

In the 2004 Schedule A, petitioner claimed, inter alia, $24,255 of "Job Expenses and Most Other Miscellaneous Deductions" (job and miscellaneous expenses) prior to the application of the two-percent floor imposed by section 67(a). Those claimed Schedule A expenses consisted of (1) "Unreimbursed employee expenses" (unreimbursed employee expenses) of $21,906, which included, inter alia, what petitioner described as (a) "EXTRA TRAVEL EXPENSES" of $175 and (b) "FORM 2106" expenses of $19,464, (2) "Tax preparation fees" (tax preparation fees) of $349, and (3) "Other expenses" of $2,000, which petitioner described as "ATTORNEY SPOUSAL SUPPORT".

---

[3]The record includes certain pages of the hard copy of the 2004 return. The record does not include page 2 of that hard copy and therefore does not disclose whether a paid preparer prepared the 2004 return for petitioner.

As required, petitioner included as part of his 2004 return Form 2106-EZ, Unreimbursed Employee Business Expenses (2004 Form 2106-EZ), with respect to the $19,464 of claimed unreimbursed employee expenses that petitioner described in the 2004 Schedule A as "FORM 2106" expenses.  In the 2004 Form 2106-EZ, petitioner claimed the following:

| Type of Expense | Amount |
|---|---|
| Parking fees, tolls, and transportation[1] | $1,844 |
| Travel[2] | 12,042 |
| Business[3] | 2,603 |
| Meals and entertainment[4] | 2,975 |

[1]In the 2004 Form 2106-EZ, the expense category "Parking fees, tolls, and transportation" did not cover "overnight travel or commuting to and from work".

[2]In the 2004 Form 2106-EZ, the expense category "Travel" covered "Travel expense while away from home overnight, including lodging, airplane, car rental, etc."

[3]In the 2004 Form 2106-EZ, the expense category "Business" covered business expenses not included in the expense categories "Vehicle", "Travel", and "Parking fees, tolls, and transportation".  Petitioner did not specify in the 2004 Form 2106-EZ the type(s) of business expenses that he was claiming.

[4]In calculating the $2,975 of expenses for "Meals and entertainment", petitioner claimed in the 2004 Form 2106-EZ total meal and entertainment expenses of $5,949 and reduced that total by 50 percent, as required by sec. 274(n).

Respondent issued to petitioner a notice of deficiency with respect to his taxable year 2004.  In that notice, respondent disallowed the $24,255 of job and miscellaneous expenses that petitioner claimed as a deduction in the 2004 Schedule A after the reduction required by section 67(a).

## Discussion

Petitioner bears the burden of proving error in the determinations for his taxable year 2004 that remain at issue.[4]  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Before turning to the issues presented, we shall summarize certain principles applicable to those issues and evaluate certain evidence on which petitioner relies.

### Certain Applicable Principles

Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  A taxpayer is required to maintain records sufficient to establish the amount of any deduction claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

A taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred for the production or collection of income.  Sec. 212(1).

A taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred during the taxable year in

---

[4]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a).  In any event, petitioner has failed to establish that he satisfies the requirements of sec. 7491(a)(1) and (2).  On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

carrying on a trade or business,[5] sec. 162(a), including "travel-ing expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business", sec. 162(a)(2). For a taxpayer to be considered "away from home" within the meaning of section 162(a)(2), the taxpayer must be on a trip that requires the taxpayer to stop for sleep or a substantial period of rest. See United States v. Correll, 389 U.S. 299 (1967); Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999). A taxpayer generally is not allowed a deduction "for personal, living, or family expenses." Sec. 262(a). In general, expenses relating to the use of an automobile that a taxpayer pays or incurs while commuting between the taxpayer's residence and the taxpayer's place of business or employment are not deductible because such expenses are personal, and not business, expenses. See, e.g., Commissioner v. Flowers, 326 U.S. 465, 472-473 (1946); see also secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

---

[5]If it is established that a taxpayer paid or incurred ordinary and necessary expenses in carrying on a trade or business and if sec. 274 does not apply to such expenses, we are generally permitted to estimate the amount of deductible expenses if we are convinced from the record that such expenses were paid or incurred by the taxpayer and that we have a basis upon which to make such an estimate. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).

For certain kinds of expenses otherwise deductible under section 162(a), such as business expenses while traveling away from home and business expenses relating to "listed property", as defined in section 280F(d)(4),[6] a taxpayer must satisfy certain substantiation requirements set forth in section 274(d) before such expenses will be allowed as deductions.

In order for any of petitioner's claimed expenses for travel and meals to be deductible, such expenses must satisfy the requirements of not only section 162(a) but also section 274(d). To the extent that petitioner carries his burden of showing that such claimed expenses satisfy the requirements of section 162(a) but fails to satisfy his burden of showing that such expenses satisfy the recordkeeping requirements of section 274(d), petitioner will have failed to carry his burden of establishing that he is entitled to deduct such expenses, regardless of any equities involved. See sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The recordkeeping requirements of section 274(d) will preclude petitioner from deducting expenditures otherwise allowable under section 162(a)(2) for travel and meals unless he substantiates the requisite elements of each such expenditure or

---

[6]As pertinent here, the term "listed property" is defined in sec. 280F(d)(4)(A)(i) to include any passenger automobile, unless excepted by sec. 280F(d)(5)(B). The exceptions listed in sec. 280F(d)(5)(B) do not apply here.

use.  See sec. 274(d); sec. 1.274-5T(b)(1), Temporary Income Tax

Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  A taxpayer is required

to

> substantiate each element of an expenditure or use
> * * * by adequate records or by sufficient evidence
> corroborating his own statement.  Section 274(d) con-
> templates that a taxpayer will maintain and produce
> such substantiation as will constitute proof of each
> expenditure or use referred to in section 274.  Written
> evidence has considerably more probative value than
> oral evidence alone.  In addition, the probative value
> of written evidence is greater the closer in time it
> relates to the expenditure or use.  A contemporaneous
> log is not required, but a record of the elements of an
> expenditure or of a business use of listed property
> made at or near the time of the expenditure or use,
> supported by sufficient documentary evidence, has a
> high degree of credibility not present with respect to
> a statement prepared subsequent thereto when generally
> there is a lack of accurate recall.  Thus, the corrobo-
> rative evidence required to support a statement not
> made at or near the time of the expenditure or use must
> have a high degree of probative value to elevate such
> statement and evidence to the level of credibility
> reflected by a record made at or near the time of the
> expenditure or use supported by sufficient documentary
> evidence.  The substantiation requirements of section
> 274(d) are designed to encourage taxpayers to maintain
> the records, together with documentary evidence, as
> provided in paragraph (c)(2) of this section [1.274-5T,
> Temporary Income Tax Regs.].

Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg.

46016-46017 (Nov. 6, 1985).

The elements that a taxpayer must prove with respect to any

listed property are:  (1)(a) The amount of each separate expendi-

ture with respect to such property and (b) the amount of each

business use based on the appropriate measure, e.g., mileage for

automobiles, of such property; (2) the time, i.e., the date of

the expenditure or use with respect to any such property; and (3) the business purpose for an expenditure or use with respect to such property. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The elements that a taxpayer must prove with respect to an expenditure for traveling away from home on business, including expenditures relating to meals and lodging, are: (1) The amount of each such expenditure for traveling away from home, except that the daily cost of the traveler's own breakfast, lunch, and dinner may be aggregated; (2) the time of each such expenditure, i.e., the dates of departure and return for each trip away from home and the number of days away from home spent on business; (3) the place of each such expenditure, i.e., the destination or locality of travel, described by name of city or town or other similar designation; and (4) the business purpose of each such expenditure, i.e., the business reason for the travel or the nature of the business benefit derived or expected to be derived as a result of travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

Evaluation of Certain Evidence on Which Petitioner Relies

In order to satisfy his burden of proof in this case, petitioner relies almost exclusively on his own testimony.[7] We

---

[7]According to petitioner, he must rely on his own testimony to substantiate most of the deductions that he is claiming
(continued...)

found that testimony to be in certain material respects general, vague, conclusory, uncorroborated, and/or self-serving.  We are not required to, and we shall not, rely on petitioner's testimony in order to establish his position with respect to any of the deductions that he is claiming.  See, e.g., <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

In order to satisfy his burden of proof in this case, petitioner also relies on certain documentary evidence, which includes a letter from the business manager of Vanalt (Vanalt letter) and certain documents that pertain to petitioner's RediCard account (RediCard documents).  With respect to the Vanalt letter, that letter establishes that during 2004 Vanalt did not reimburse petitioner for any expenses that he may have paid or incurred for lodging, transportation, and/or meals because the job sites at which petitioner worked for Vanalt during that year were in the Philadelphia metropolitan area.  The Vanalt letter does not establish the nature or the amount of any expenses that petitioner paid or incurred during 2004.

With respect to the RediCard documents, those documents establish that as of December 31, 2003 and 2004, petitioner had earned 32,148 points and 98,671 points, respectively, on his RediCard account.  The RediCard documents do not establish the

---

[7](...continued)
because a fire destroyed many of the documents that he asserts would otherwise substantiate those deductions.

location of each Red Roof Inn at which petitioner stayed during 2004, the number of nights that he stayed during that year at each of those inns, or the amounts that he paid during that year to stay at each of those inns.

Claimed Unreimbursed Employee Expenses

It is petitioner's position that, prior to the application of the two-percent floor imposed by section 67(a), he is entitled for his taxable year 2004 to deduct the unreimbursed employee expenses that he claimed in the 2004 Schedule A and that remain at issue in this case. According to petitioner, he is entitled for that year to deduct the following: (1) Travel expenses of $12,217 (claimed travel expenses), (2) expenses for meals and certain other unidentified items (claimed meal expenses) of $2,975,[8] (3) expenses for parking and tolls of $1,762.80 in excess of the amount allowed by respondent (claimed parking and toll expenses), and (4) other business expenses of $2,603 (claimed other business expenses).

---

[8]Petitioner testified that the $2,975 of expenses that he claimed for "Meals and entertainment" in the 2004 Form 2106-EZ were for "meals and stuff". The record does not disclose the nature or the amount of the so-called stuff that petitioner may have included in that amount.

We turn first to petitioner's claimed travel expenses.[9] Generally, a taxpayer may not deduct the expenses of traveling to, and living at, the taxpayer's place of employment. <u>Commissioner v. Flowers</u>, 326 U.S. at 473-474. Nonetheless, such expenses may be deductible under section 162(a) where paid or incurred "away from home", sec. 162(a)(2), or, even if not paid or incurred away from home within the meaning of section 162(a)(2), where paid or incurred for business, and not personal, reasons.[10]

As we understand it, petitioner contends that for purposes of section 162(a)(2) his home during 2004 was petitioner's West Virginia house in Burnsville, West Virginia, in which his then spouse resided and for which he was paying expenses. Consequently, according to petitioner, he paid expenses while traveling away from home within the meaning of that section.[11] Respon-

_____

[9]According to petitioner, except for $175, the claimed travel expenses consist of certain expenses that he paid to stay overnight at Red Roof Inns while working in the Philadelphia area. Petitioner claims that the remaining $175 of travel expenses consists of certain "EXTRA TRAVEL EXPENSES". As we understand it, those "EXTRA TRAVEL EXPENSES" consist of certain unidentified expenses that he paid for the maintenance of a vehicle that he used to travel to and from work.

[10]See, e.g., <u>Daiz v. Commissioner</u>, T.C. Memo. 2002-192; <u>Epperson v. Commissioner</u>, T.C. Memo. 1985-382.

[11]Petitioner acknowledges that during 2004 he did not reside in petitioner's West Virginia house. According to petitioner, during 2004, when he was not working for Vanalt in the
(continued...)

dent counters that for purposes of section 162(a)(2) petitioner's home during 2004 was in the Philadelphia metropolitan area (i.e., petitioner's place of employment), in which he worked for Vanalt throughout that year. Consequently, according to respondent, petitioner did not incur any expenses while traveling away from home within the meaning of that section.

For purposes of section 162, the term "'home' * * * means the vicinity of the taxpayer's principal place of employment and not where his personal residence is located, if such residence is located in a different place from his principal place of employment." Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

The record establishes that during 2004 petitioner's sole place of employment was in the Philadelphia metropolitan area, and not in Burnsville, West Virginia. On the record before us, we find that petitioner has failed to carry his burden of establishing that during 2004 his home for purposes of section 162(a)(2) was petitioner's West Virginia house.[12] On that record, we further find that petitioner has failed to carry his burden of establishing that his claimed travel expenses were

---

[11](...continued)
Philadelphia metropolitan area, he resided in his parents' West Virginia home.

[12]See supra note 11. On the record before us, we also find that petitioner has failed to carry his burden of establishing that during 2004 petitioner's home for purposes of sec. 162(a)(2) was his parents' West Virginia home.

incurred while he was away from home within the meaning of section 162(a)(2).

Although petitioner has failed to establish his claimed travel expenses were incurred while he was away from home within the meaning of section 162(a)(2), as discussed above, petitioner may nonetheless be entitled to deduct those claimed expenses under section 162(a) if they were incurred for business, and not personal, reasons. On the record before us, we find that petitioner has failed to carry his burden of establishing that his claimed travel expenses were incurred for business, and not personal, reasons.[13]

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction under section 162(a) that he is claiming for travel expenses.[14]

---

[13]See, e.g., Daiz v. Commissioner, supra; Epperson v. Commissioner, supra.

[14]Assuming arguendo that petitioner had established the deductibility under sec. 162(a) of his claimed travel expenses, he would still have to satisfy the requirements of sec. 274(d). On the record before us, we find that petitioner has failed to carry his burden of establishing all of the elements that he must prove in order to satisfy the requirements under sec. 274(d) applicable to those claimed expenses. See sec. 1.274-5T(b)(2), (6), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015, 46016 (Nov. 6, 1985).

We turn now to petitioner's claimed meal expenses.[15]  Expenses paid or incurred for a taxpayer's daily meals while the taxpayer is not away from home within the meaning of section 162(a)(2) generally are not deductible.  See United States v. Correll, 389 U.S. 299 (1967); Barry v. Commissioner, 54 T.C. 1210, 1214 (1970), affd. per curiam 435 F.2d 1290 (1st Cir. 1970).

We have found that petitioner has failed to carry his burden of establishing that during 2004 his home for purposes of section 162(a)(2) was petitioner's West Virginia house.[16]  On the record before us, we find that petitioner has failed to carry his burden of establishing that his claimed meal expenses were incurred while he was away from home within the meaning of section 162(a)(2).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction under section 162(a) that he is claiming for meals.[17]

---

[15]See supra note 8.

[16]See supra note 12.

[17]Assuming arguendo that petitioner had established the deductibility under sec. 162(a)(2) of his claimed meal expenses, he would still have to satisfy the requirements of sec. 274(d). On the record before us, we find that petitioner has failed to carry his burden of establishing all of the elements that he must prove in order to satisfy the requirements under sec. 274(d)
(continued...)

We turn now to petitioner's claimed parking and toll expenses. On the record before us, we find that for his taxable year 2004 petitioner has failed to carry his burden of establishing (1) that he paid petitioner's claimed parking and toll expenses, (2) the amount of any such expenses, and (3) that such expenses are ordinary and necessary business expenses under section 162(a). On that record, we further find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction under section 162(a) that he is claiming for parking fees and tolls in excess of the amount allowed by respondent.

We turn finally to petitioner's claimed other business expenses. According to petitioner, he paid those expenses for, inter alia, certain clothing[18] and certain tools for work. On the record before us, we find that for his taxable year 2004 petitioner has failed to carry his burden of establishing

---

[17](...continued)
applicable to the claimed meal and entertainment expenses. See sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

[18]With respect to any expenses that petitioner is claiming for clothing for work, the costs of articles of clothing are deductible under sec. 162(a) only if the clothing is required in the taxpayer's employment, is not suitable for general or personal wear, and is not worn for general or personal purposes. Yeomans v. Commissioner, 30 T.C. 757, 767-768 (1958). Except for petitioner's general and vague testimony on which we are unwilling to rely, the record is devoid of evidence relating to any clothing that petitioner may have purchased for work.

(1) that he paid any expenses for certain clothing and certain tools for work, (2) the amounts of any such expenses, and (3) that such expenses are ordinary and necessary business expenses under section 162(a).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction under section 162(a) that he is claiming for other business expenses.

Tax Preparation Fees

It is petitioner's position that he is entitled for his taxable year 2004 to deduct $349 for tax return preparation fees. On the record before us, we find that for his taxable year 2004 petitioner has failed to carry his burden of establishing (1) that he paid any tax return preparation fees and (2) the amount of any such fees. On that record, we further find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction that he is claiming for tax return preparation fees.

Former Spouse's Attorney's Fees

As we understand it, it is petitioner's position that he is entitled for his taxable year 2004 to deduct under section 212(1) $2,000 for attorney's fees of his former spouse that he claims he paid pursuant to a court order in connection with their divorce. Generally, attorney's fees paid by a taxpayer in connection with

a divorce proceeding are not deductible.[19]  Sec. 1.262-1(b)(7), Income Tax Regs.

On the record before us, we find that for his taxable year 2004 petitioner has failed to carry his burden of establishing (1) that he paid any attorney's fees of his former spouse in connection with their divorce, (2) the amount of any such fees, and (3) that any such fees are deductible under section 212(1). On that record, we further find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2004 to the deduction that he is claiming for attorney's fees.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

Decision will be entered under

Rule 155.

---

[19]Sec. 1.262-1(b)(7), Income Tax Regs., provides the following exception to the general rule stated therein:

the part of an attorney's fee * * * in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the * * * [person who receives amounts includible in gross income under sec. 71] under section 212.